# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON MCCLAIN,<br><br>           Plaintiff,<br><br>    v.<br><br>M. SCHOO, et al.,<br><br>           Defendants. | Case No. 1:19-cv-00900-BAM (PC)<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ON COGNIZABLE CLAIM<br><br>(ECF No. 1)<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Jason McClain ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. Plaintiff's complaint, filed on June 14, 2019, is currently before the Court for screening. (ECF No. 1.)

**I.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**A.     Plaintiff's Allegations**

Plaintiff is currently housed at R.J. Donovan Correctional Facility in San Diego, California. The events in the complaint are alleged to have occurred at North Kern State Prison during a transportation stop. Plaintiff names the following defendants: (1) Sergeant M. Schoo; (2) Correctional Officer L. Gonzalez; and (3) Correctional Officer A. Brooks.

Plaintiff alleges that the events at issue occurred during Plaintiff's transportation by the California Department of Corrections and Rehabilitation ("CDCR") transportation team consisting of Defendants Schoo, Gonzalez and Brooks. Plaintiff is a max custody level 4 inmate who requires special transportation accommodations that include full transportation restraints, constant observation and single placement in the bus security holding cell. Plaintiff is an openly transgender inmate vulnerable/open to physical attacks by overly aggressive inmates and for this reason Plaintiff fully depends upon correctional staff protection.

On February 7, 2018, Plaintiff spoke to Defendant Schoo about his safety concerns while under escort/transport. Plaintiff stated to Defendant Schoo, "I'm not going to have any problems during transport am I." Defendant Schoo replied, "I'm well [aware] of who you, and what you

are." He then added, "You'll be safe on this ride." (ECF No. 1 at 4.)

Plaintiff was placed in waist chain restraints by Defendant Gonzalez and escorted to the transportation bus. Defendant Brooks then placed Plaintiff in security leg restraints. Defendants Gonzalez and Brooks escorted Plaintiff on to the transportation bus. Instead of placing Plaintiff inside the single-man security cell, they opted to seat Plaintiff among other inmates in the back of the bus. Before the transportation bus exited the prison facility, Defendant Shoo conducted a security walk through and conducted a head count.

During the February 7, 2018 bus ride, the transportation team stopped at North Kern State Prison to pick up more inmates. Defendants Shoo and Brooks exited the bus, leaving Defendant Gonzalez to load and watch those inmates entering the bus and those already seated on the bus. Defendant Gonzalez eventually exited the bus, leaving Plaintiff and the other inmates unattended. One of the newly arrived inmates, Inmate Ritter, used this opportunity to slip out of his handcuffs and waist chain restraints and then attack Plaintiff from behind. Inmate Ritter wrapped the waist chain restraints completely around Plaintiff's neck, stopping his breathing. Plaintiff feared for his life and struggled to free himself without success. After Plaintiff fought for his life for approximately 3 or 4 minutes, Defendant Gonzalez returned to the bus and heard Plaintiff's gags and attempts to call for help. Plaintiff then heard the bus horn sound. Defendants Schoo and Brooks then arrived and were able to subdue Plaintiff's attacker, Inmate Ritter. Plaintiff was then escorted from the bus and into North Kern State Prison, where he was evaluated by medical staff.

Plaintiff alleges that the defendants attempted to cover up the incident by not allowing Plaintiff to be fully assessed or medically evaluated. Plaintiff also claims that medical staff failed to properly document Plaintiff's injuries on the medical report. After the medical evaluation, Plaintiff was escorted by Defendant Brooks and placed back on the transportation bus. Plaintiff was secured inside of the bus security transportation cell.

Plaintiff alleges that he suffered mental and physical injuries. His physical injuries included bruising, uncontrollable pain, neck stiffness and difficulty sleeping. Plaintiff seeks a declaration that his Eighth Amendment rights were violated. He also seeks compensatory and punitive damages.

**B.     Discussion**

**1.   Eighth Amendment – Failure to Protect**

Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society. Farmer v. Brennan, 511 U.S. 825, 833-34 (1994); Clem v. Lomeli, 566 F.3d 1177, 1181 (9th Cir. 2009); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm. Farmer, 511 U.S. at 834, 841; Clem, 566 F.3d at 1181; Hearns, 413 F.3d at 1040.

At the pleading stage, the Court finds that Plaintiff's complaint states a cognizable claim against Defendants Schoo, Gonzalez and Brooks for failure to protect him from harm in violation of the Eighth Amendment.

**2.   Eighth Amendment – Medical Care**

Although unclear, Plaintiff may be attempting to assert a claim for deliberate indifference to his medical needs.  A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. "Deliberate indifference is a high legal standard," Simmons v. Navajo Cty. Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a

purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–06). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. Cty. of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Further, a "difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082–83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122–23 (9th Cir. 2012) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

As currently pled, the Court finds that Plaintiff's complaint does not state a cognizable claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment. According to the allegations in the complaint, Plaintiff received prompt medical attention after the attack. Plaintiff's assertions that any such treatment was negligent are not sufficient to support an Eighth Amendment claim. Additionally, Plaintiff's mere disagreement with the form of treatment also is not sufficient to support an Eighth Amendment claim.

///

**IV.     Conclusion and Order**

The Court finds that Plaintiff's complaint states a cognizable claim against Defendants Schoo, Gonzalez and Brooks for failure to protect him from harm in violation of the Eighth Amendment.  However, Plaintiff's complaint fails to state any other cognizable claims.  Plaintiff will be granted leave to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

If Plaintiff does not wish to file an amended complaint and he is agreeable to proceeding only on the cognizable claim identified by the Court, he may file a notice informing the Court that he does not intend to amend and he is willing to proceed only on his cognizable claim.  The Court will then recommend that the remaining claim be dismissed from this action, and the Court will provide Plaintiff with the requisite forms to complete and return so that service of process may be initiated.

If Plaintiff wishes to file an amended complaint, any such amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff a complaint form;

2.     Within thirty (30) days from the date of service of this order, Plaintiff must either:

    a.     File a first amended complaint curing the deficiencies identified by the Court in this

order; or

       b.     Notify the Court in writing that he does not wish to file a first amended complaint and he is willing to proceed only on his cognizable claim for failure to protect him from harm in violation of the Eighth Amendment against Defendants Schoo, Gonzalez and Brooks; and

       3.     If Plaintiff fails to comply with this order, the Court will recommend dismissal of this action, without prejudice, for failure to obey a court order and for failure to prosecute.

IT IS SO ORDERED.

    Dated:   **January 14, 2020**          /s/ *Barbara A. McAuliffe*
                                              UNITED STATES MAGISTRATE JUDGE