# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON McCLAIN,<br><br>                Plaintiff,<br><br>    v.<br><br>SCHOO, *et al.*,<br><br>                Defendants. | Case No. 1:19-cv-00900-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS<br>(ECF Nos. 1, 13, 14)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION<br>(ECF No. 14)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.    Background**

Plaintiff Jason McClain ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On January 15, 2020, the Court screened Plaintiff's complaint and found that Plaintiff stated a cognizable claim against Defendants Schoo, Gonzalez, and Brooks for failure to protect in violation of the Eighth Amendment, but failed to state any other cognizable claims. The Court ordered Plaintiff to either file a first amended complaint or notify the Court of his willingness to proceed only on the cognizable claim. (ECF No. 13.) On January 30, 2020 Plaintiff notified the

1

Court of his willingness to proceed on the cognizable claim for failure to protect against the defendants, as identified by the Court. (ECF No. 14.) In his notification, Plaintiff also requests that the Court issue an order that he be placed on the priority legal user list so he may be provided with legal materials such as motion paper. (Id.)

**II.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**A.     Allegations in Complaint**

Plaintiff is currently housed at R.J. Donovan Correctional Facility in San Diego, California. The events in the complaint are alleged to have occurred at North Kern State Prison during a transportation stop. Plaintiff names the following defendants: (1) Sergeant M. Schoo; (2) Correctional Officer L. Gonzalez; and (3) Correctional Officer A. Brooks.

Plaintiff alleges that the events at issue occurred during Plaintiff's transportation by the California Department of Corrections and Rehabilitation ("CDCR") transportation team consisting of Defendants Schoo, Gonzalez, and Brooks. Plaintiff is a max custody level 4 inmate who requires special transportation accommodations that include full transportation restraints, constant observation and single placement in the bus security holding cell. Plaintiff is an openly transgender inmate vulnerable/open to physical attacks by overly aggressive inmates and for this reason Plaintiff fully depends upon correctional staff protection.

On February 7, 2018, Plaintiff spoke to Defendant Schoo about his safety concerns while under escort/transport. Plaintiff stated to Defendant Schoo, "I'm not going to have any problems during transport am I." Defendant Schoo replied, "I'm well [aware] of who you, and what you are." He then added, "You'll be safe on this ride." (ECF No. 1 at 4.)

Plaintiff was placed in waist chain restraints by Defendant Gonzalez and escorted to the transportation bus. Defendant Brooks then placed Plaintiff in security leg restraints. Defendants Gonzalez and Brooks escorted Plaintiff on to the transportation bus. Instead of placing Plaintiff inside the single-man security cell, they opted to seat Plaintiff among other inmates in the back of the bus. Before the transportation bus exited the prison facility, Defendant Shoo conducted a security walk through and conducted a head count.

During the February 7, 2018 bus ride, the transportation team stopped at North Kern State Prison to pick up more inmates. Defendants Shoo and Brooks exited the bus, leaving Defendant Gonzalez to load and watch those inmates entering the bus and those already seated on the bus. Defendant Gonzalez eventually exited the bus, leaving Plaintiff and the other inmates unattended. One of the newly arrived inmates, Inmate Ritter, used this opportunity to slip out of his handcuffs and waist chain restraints and then attack Plaintiff from behind. Inmate Ritter wrapped the waist chain restraints completely around Plaintiff's neck, stopping his breathing. Plaintiff feared for his life and struggled to free himself without success. After Plaintiff fought for his life for approximately 3 or 4 minutes, Defendant Gonzalez returned to the bus and heard Plaintiff's gags and attempts to call for help. Plaintiff then heard the bus horn sound. Defendants Schoo and Brooks then arrived and were able to subdue Plaintiff's attacker, Inmate Ritter. Plaintiff was then

escorted from the bus and into North Kern State Prison, where he was evaluated by medical staff.

Plaintiff alleges that the defendants attempted to cover up the incident by not allowing Plaintiff to be fully assessed or medically evaluated. Plaintiff also claims that medical staff failed to properly document Plaintiff's injuries on the medical report. After the medical evaluation, Plaintiff was escorted by Defendant Brooks and placed back on the transportation bus. Plaintiff was secured inside of the bus security transportation cell.

Plaintiff alleges that he suffered mental and physical injuries. His physical injuries included bruising, uncontrollable pain, neck stiffness and difficulty sleeping. Plaintiff seeks a declaration that his Eighth Amendment rights were violated. He also seeks compensatory and punitive damages.

**B.     Discussion**

   **1.     Eighth Amendment – Failure to Protect**

Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society. Farmer v. Brennan, 511 U.S. 825, 833–34 (1994); Clem v. Lomeli, 566 F.3d 1177, 1181 (9th Cir. 2009); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm. Farmer, 511 U.S. at 834, 841; Clem, 566 F.3d at 1181; Hearns, 413 F.3d at 1040.

At the pleading stage, the Court finds that Plaintiff's complaint states a cognizable claim against Defendants Schoo, Gonzalez, and Brooks for failure to protect him from harm in violation of the Eighth Amendment.

   **2.     Eighth Amendment – Medical Care**

Although unclear, Plaintiff may be attempting to assert a claim for deliberate indifference to his medical needs. A prisoner's claim of inadequate medical care does not constitute cruel and

4

unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. "Deliberate indifference is a high legal standard," Simmons v. Navajo Cty. Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–06). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. Cty. of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Further, a "difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082–83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122–23 (9th Cir.

2012) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

As currently pled, the Court finds that Plaintiff's complaint does not state a cognizable claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment. According to the allegations in the complaint, Plaintiff received prompt medical attention after the attack. Plaintiff's assertions that any such treatment was negligent are not sufficient to support an Eighth Amendment claim. Additionally, Plaintiff's mere disagreement with the form of treatment also is not sufficient to support an Eighth Amendment claim.

### III. Motion for Preliminary Injunction

In his notification to the Court, Plaintiff also states that because he is currently in solitary confinement, he has limited access to the law library, and has received no responses to numerous written requests for interview asking the librarian for motion paper. Therefore, Plaintiff seeks a court order to be placed on the priority legal user list and to provide him with all legal materials. (ECF No. 14.) Plaintiff's request will be construed as a motion for preliminary injunction.

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of L.A. v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S.

464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general. Summers v. Earth Island Inst., 555 U.S. 488, 491–93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491−93; Mayfield, 599 F.3d at 969.

In his motion, Plaintiff does not seek injunctive relief against any of the named defendants in this action. Rather, he seeks a court order that would place him on the priority legal user list and entitle him to be provided with legal materials. Such an order would presumably be directed at prison staff at the institution where he is currently housed, which is not the same institution where the allegations in the complaint occurred. (ECF No. 14.)

"A federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. U.S. Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985). Thus, the Court must deny Plaintiff's motion because it lacks jurisdiction over CDCR generally, or any staff apparently responsible for the distribution of legal materials or maintaining the priority legal user list at his current institution.

**IV.    Conclusion and Recommendation**

Plaintiff's complaint states a cognizable claim for failure to protect in violation of the Eighth Amendment against Defendants Schoo, Gonzalez, and Brooks, but fails to state any other cognizable claims.

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Furthermore, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's complaint, filed June 14, 2019, (ECF No. 1), against Defendants Schoo, Gonzalez, and Brooks for failure to protect in violation of the Eighth Amendment;
2. All other claims be dismissed based on Plaintiff's failure to state claims upon which relief may be granted; and
3. Plaintiff's motion for preliminary injunction, (ECF No. 14), be DENIED.

\*\*\*

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 3, 2020**    /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE