# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON MCCLAIN,<br><br>                Plaintiff,<br><br>       v.<br><br>SCHOO, *et al.*,<br><br>                Defendants. | Case No.  1:19-cv-00900-AWI-BAM (PC)<br><br>ORDER DENYING MOTION FOR LAW LIBRARY COPY OF EXHIBIT AND FOR PARALEGAL ASSISTANT<br><br>(ECF No. 27) |

Plaintiff Jason McClain ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's complaint against Defendants Schoo, Gonzalez, and Brooks for failure to protect in violation of the Eighth Amendment.

On July 27, 2020, Defendants filed a motion to dismiss.  (ECF No. 25.)  Plaintiff filed his opposition to the motion to dismiss on August 6, 2020.  (ECF No. 26.)  The deadline for Defendants to file their reply has not yet expired.

Currently before the Court is Plaintiff's "Motion for Law Library Copy of Exhibit and Paralegal Assistant," filed August 10, 2020.  (ECF No. 27.)  Defendants have not yet had the opportunity to file a response, but the Court finds a response unnecessary.  The motion is deemed submitted.  Local Rule 230(l).

In his motion, Plaintiff requests that the Court issue an order for law library access and provide him with all exhibits regarding this case.  (ECF No. 27.)  Plaintiff states that he has misplaced some documents and his requesting the Court send him copies.  Plaintiff states that he

1

is not being denied access to the law library, but needs a court order for priority user. Due to the ongoing pandemic, the institution is still on modified program, so Plaintiff wants to be able to serve the defendant if he can't get a copy at the law library. Plaintiff also requests that the Court appoint him a paralegal assistant. Plaintiff states that the administrative segregation unit lock-up sheet displays proof of his TABE score. (Id.) There are no exhibits attached to the motion.

The Clerk of the Court does not ordinarily provide free copies of case documents to parties, even those proceeding *in forma pauperis*. See Hullom v. Kent, 262 F.2d 862, 863 (6th Cir. 1959.) Plaintiff is responsible for maintaining his own records for this proceeding. Although the Court sometimes makes exceptions upon a showing of good cause, Plaintiff's "misplacing" of certain documents does not entitle him to copies of all documents filed throughout this action. Plaintiff is informed that the Clerk charges $0.50 per page for copies of documents. See 28 U.S.C. § 1914(b). Copies of up to twenty pages may be made by the Clerk's Office at this Court upon written request, prepayment of the copy fees, and submission of a large, self-addressed stamped envelope. Plaintiff should specifically identify which documents he wants copied.

Next, the Court declines to issue an order granting Plaintiff priority user status at his institution's law library. At this time, the only pending motion is Defendants' motion to dismiss, which Plaintiff has already opposed. As Plaintiff notes, he is not being denied law library access at his institution, and it is unclear what research or copying Plaintiff needs to do in connection with this case. If Plaintiff needs additional time to access the law library at his institution in connection with a specific deadline or filing in this case, he may file a motion specifically asking for an extension of that deadline or other necessary relief.

Finally, although Plaintiff has requested paralegal assistance rather than appointed counsel, the Court will treat the request as one for appointed counsel, as the Court does not have the authority to appoint Plaintiff a paralegal assistant. As Plaintiff was previously informed, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989).

However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This Court is faced with similar cases filed by prisoners proceeding *pro se* and *in forma pauperis*, who are receiving mental health treatment almost daily.  These prisoners also must conduct legal research and prosecute claims without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.  Although the case was screened and now proceeds on the claims identified as cognizable, Defendants' motion to dismiss is currently pending and may dispose of the entirety of this action.  Also, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims, nor that he is illiterate.  As demonstrated in the instant motion, Plaintiff is able to prepare and file documents clearly setting forth his contentions, without assistance from counsel.

For the foregoing reasons, Plaintiff's motion for copies, access to the law library, and a paralegal assistant, (ECF No. 27), is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **August 12, 2020**              /s/ *Barbara A. McAuliffe*
                                          UNITED STATES MAGISTRATE JUDGE

3