# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON MCCLAIN,<br><br>    Plaintiff,<br><br>    v.<br><br>SCHOO, *et al.*,<br><br>    Defendants. | Case No. 1:19-cv-00900-AWI-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES BE GRANTED<br><br>(ECF No. 25)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.    Introduction**

Plaintiff Jason McClain ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action. This action proceeds on Plaintiff's complaint against Defendants Schoo, Gonzalez, and Brooks for failure to protect in violation of the Eighth Amendment.

On July 27, 2020, Defendants filed a motion to dismiss on the ground that it is clear from the face of the complaint that this lawsuit is barred by the Prison Litigation Reform Act ("PLRA") for Plaintiff's failure to exhaust his administrative remedies before filing suit. (ECF No. 25.) Plaintiff filed his opposition on August 6, 2020. (ECF No. 26.) Defendants filed a reply on August 12, 2020, and Plaintiff filed a surreply on August 28, 2020. (ECF Nos. 29, 30.) The motion is deemed submitted. Local Rule 230(l).

**II.     Plaintiff's Surreply**

Generally, parties do not have the right to file sur-replies, and motions are deemed submitted when the time to reply has expired.  Local Rule 230(l).  The Court generally views motions for leave to file sur-replies with disfavor.  Hill v. England, No. CVF05869 REC TAG, 2005 WL 3031136, at *1 (E.D. Cal. 2005) (citing Fedrick v. Mercedes–Benz USA, LLC, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005)).  However, district courts have the discretion to either permit or preclude a sur-reply.  See U.S. ex rel. Meyer v. Horizon Health Corp., 565 F.3d 1195, 1203 (9th Cir. 2009) (district court did not abuse discretion in refusing to permit "inequitable surreply"); JG v. Douglas County School Dist., 552 F.3d 786, 803 n.14 (9th Cir. 2008) (district court did not abuse discretion in denying leave to file sur-reply where it did not consider new evidence in reply); Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996) (new evidence in reply may not be considered without giving the non-movant an opportunity to respond).  In this Circuit, courts are required to afford *pro se* litigants additional leniency.  E.g., Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010).

Here, Plaintiff did not seek leave of Court before filing his sur-reply.  However, in light of Defendants' apparent non-opposition and Plaintiff's *pro se* status, the Court will exercise its discretion to not strike the evidence.  The Court will consider the evidence presented.

**III.    Defendants' Motion to Dismiss**

Briefly summarized, Plaintiff alleges in his complaint that on February 7, 2018, Defendants Schoo, Gonzalez, and Brooks failed to protect him from being attacked by another inmate while on a prison transport bus, in violation of the Eighth Amendment.  (ECF No. 1.) Plaintiff further alleges in the complaint that he filed an appeal at the first level on February 8, 2018, at the second level on May 29, 2018, and next at the third level of review, which was denied.  (Id. at 2.)  Plaintiff alleges that his administrative remedies were fully exhausted when his third level review was exhausted.  (ECF No. 1, p. 2.)  In support, he attaches documents related to two appeals: Log No. OOA-18-11286 and Log No. LAC-D-18-00903/CSP-COR-18-

2

836/TU-S-18-003.  (Id. at 8–47.)

Defendants argue that based on these attachments, it is apparent on the face of the complaint that Plaintiff never exhausted his administrative remedies as to the merits of the claims at issue in this action.  Specifically, Defendants argue that Log No. LAC-D-18-00903/CSP-COR-18-836/TU-S-18-003 was the initial grievance submitted regarding the February 7, 2018 incident.  Plaintiff submitted his grievances and received responses at the first and second levels of review.  At the third level of review, the Office of Appeals ("OOA") rejected Plaintiff's grievance on October 19, 2018 on the ground that it was missing necessary supporting documents, specifically, Plaintiff failed to attach the response letters from the first and second levels of review.  (ECF No. 1, p. 29.)  Plaintiff was advised to take corrective action and resubmit the appeal within thirty days, and the rejection letter was mailed to Plaintiff on December 18, 2018.  (Id.)  OOA did not receive Plaintiff's corrected grievance package until February 11, 2019 or February 13, 2019, outside of the thirty-day deadline.  (Id. at 28.)  The grievance was therefore cancelled on February 26, 2019, and the cancellation letter was mailed to Plaintiff on February 28, 2019.  (Id.)

Plaintiff appealed the cancellation of his original grievance on or about March 5, 2019, in Log No. OOA-18-11286.  (Id. at 10.)  Plaintiff explained that he was unable to gather the documents within the required timeframe and requested a "final decision" from the third level.  (Id. at 10–11.)  OOA denied Plaintiff's grievance challenging the cancellation decision on June 3, 2019.  (Id. at 8.)  Plaintiff filed the complaint in this lawsuit on June 14, 2019.  (Id. at 1.)

Defendants argue that Plaintiff has therefore attached no documentation indicating that he ever received a decision on the merits of his grievance regarding the incident at issue in this action, and he failed to provide a legitimate reason for his failure to comply with the agency's deadlines and rules regarding the correction of his rejected grievance.  Accordingly, Defendants argue that Plaintiff's failure to exhaust his administrative remedies is evidenced from the documents attached to the complaint, and the motion to dismiss should be granted.  (ECF No. 25.)

In his opposition, Plaintiff states that he received rejected appeal Log No. TU-S-18-00003 on December 21, 2018 from OOA, and on January 2, 2019, he was placed into ASU (Administrative Segregation Unit), resulting in confiscation of his property.  (ECF No. 26, p. 1.)

3

On January 13, 2019, Plaintiff requested a copy of the 695 screening sheet from the appeals coordinator and received a response on January 28, 2019. (Id. at 4.) Plaintiff states that he then submitted a request to the property officer requesting his property, which was issued to him on February 10, 2019. Plaintiff then gathered all the necessary supporting documents regarding Log No. TU-S-18-00003, and presented evidence of the reason why his appeal was not returned within thirty days. Plaintiff sent these documents through legal mail on February 10, 2019. (Id. at 2.) Plaintiff then filed a separate appeal (Log No. OOA-18-11286) challenging the cancellation, but it was denied. Plaintiff argues that he has exhausted all administrative remedies that were available to him and stayed within the timeframe. (Id.)

Defendants argue in reply that the delay in mailing of OOA's October 19, 2018 rejection letter for Log No. TU-S-18-00003 until December 21, 2018 caused Plaintiff any harm or rendered his administrative remedies unavailable. Defendants further contend that Plaintiff's transfer to Administrative Segregation on January 2, 2019 alone does not explain his failure to submit his grievance in the twelve-day period after receiving the rejection letter and before his transfer to Administrative Segregation. Finally, Defendants argue that despite not having the necessary supporting documents due to property confiscation, Plaintiff should have resubmitted his grievance to the third level and explained that he was unable to obtain the necessary supporting documents. (ECF No. 29.)

In his surreply, Plaintiff appears to argue that the appeal coordinator deliberately attempted to thwart Plaintiff's grievance exhaustion by failing to return his requested documents until after the thirty-day deadline for him to respond to his rejected appeal had already expired. (ECF No. 30.)

**A.    Legal Standards**

    **1.    Statutory Exhaustion Requirement**

Pursuant to the PLRA, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see also Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311

F.3d 1198, 1199–1201 (9th Cir. 2002). "The PLRA attempts to eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Woodford v. Ngo, 548 U.S. 81, 93 (2006) (alterations, footnote, and quotation marks omitted). Requiring exhaustion provides prison officials a "fair opportunity to correct their own errors" and creates an administrative record for grievances that eventually become the subject of federal court complaints. Id. at 94, 126; see also Porter v. Nussle, 534 U.S. 516, 524–25 (2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter, 534 U.S. at 532. Prisoners must adhere to the deadlines and other "critical procedural rules" of the prison's grievance process, Woodford, 548 U.S. at 90; Jones, 549 U.S. at 218, such that an untimely or otherwise procedurally defective grievance is insufficient, Woodford, 548 U.S. at 83–84.

Failure to exhaust may be excused where the administrative remedies have been rendered "unavailable," and in such a case, the plaintiff bears the burden of demonstrating that the grievance process was unavailable to him through no fault of his own. Sapp v. Kimbrell, 623 F.3d 813, 822–23 (9th Cir. 2010). See also Ward v. Chavez, 678 F.3d 1042, 1044–45 (9th Cir. 2012) (exhaustion excused where futile); Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010) (warden's mistake rendered prisoner's administrative remedies "effectively unavailable"); Brown, 422 F.3d at 939-40 (plaintiff not required to proceed to third level where appeal granted at second level and no further relief was available). Aside from this single exception, "the PLRA's text suggests no limits on an inmate's obligation to exhaust—irrespective of any 'special circumstances.' . . . [a]nd that mandatory language means a court may not excuse a failure to exhaust, even to take such circumstances into account." Ross v. Blake, 136 S. Ct. 1850, 1856 (2016).

The test for deciding whether a grievance procedure was unavailable uses an objective standard. Albino v. Baca, 697 F.3d 1023, 1035 (9th Cir. 2012) ("Albino I"). "[A]ffirmative actions by jail staff preventing proper exhaustion, even if done innocently, make administrative

remedies effectively unavailable." Id. at 1034.  An inmate may demonstrate the unavailability of remedies by showing "(1) that jail staff affirmatively interfered with his ability to exhaust administrative remedies or (2) that the remedies were unknowable." Id. at 1033.  The inmate must make "a good-faith effort" to determine and comply with a prison's grievance procedures. Id. at 1035.

### 2. California Department of Corrections and Rehabilitation (CDCR)

The State of California provides its prisoners and parolees the right to appeal administratively "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15 § 3084.1(a).  The process is initiated by submitting a CDCR Form 602 ("602 form"). Id. at § 3084.2(a).  At the time of the events alleged in this action, California prisoners were required to submit appeals within thirty (30) calendar days of the event being appealed, and the process was initiated by submission of the appeal at the first level. Id. at §§ 3084.7(a), 3084.8(c).  Three levels of appeal were involved, including the first level, second level, and third level. Id. at § 3084.7.  The third level of review exhausts administrative remedies. Id. at § 3084.7(d)(3).  In order to satisfy § 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford, 548 U.S. at 85; McKinney, 311 F.3d. at 1199–1201.

### 3. Motion to Dismiss

The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under which Defendants have the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  Defendants may raise exhaustion deficiencies as an affirmative defense under § 1997e(a) in either (1) a motion to dismiss pursuant to Rule 12(b)(6) or (2) a motion for summary judgment under Rule 56. Albino v. Baca, 747 F.3d 1162, 1168–69 (9th Cir. 2014) (en banc) ("Albino II").  If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice of the portions of the complaint barred by § 1997e(e). Jones, 549 U.S. at 223–24; Lira v. Herrera, 427 F.3d 1164, 1175–76 (9th Cir. 2005).

1    Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for
2    "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In
3    considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court
4    must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89
5    (2007), and construe the pleading in the light most favorable to the plaintiff. Jenkins v.
6    McKeithen, 395 U.S. 411, 421 (1969); Meek v. Cty. of Riverside, 183 F.3d 962, 965 (9th Cir.
7    1999). In ruling on the motion, the court "may generally consider only allegations contained in
8    the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."
9    Outdoor Media Grp., Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and
10   quotation marks omitted). The court may also consider documents incorporated by reference into
11   the complaint. Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002).

12   In general, pro se pleadings are held to a less stringent standard than those drafted by
13   lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). The court has an obligation to construe
14   such pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).
15   However, a court's liberal interpretation of a pro se complaint may not supply essential elements
16   of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268
17   (9th Cir. 1982). Also, the Court need not credit "naked assertions," "labels and conclusions" or
18   "a formulaic recitation of the elements of a cause of action." See Bell Atlantic Corp. v.
19   Twombly, 550 U.S. 544, 555–57 (2007).

20   **B.    Discussion**

21   The Court finds that Plaintiff has presented evidence in his opposition and surreply to the
22   motion to dismiss that he attempted to timely correct his rejected appeal Log No. TU-S-18-00003
23   at the third level. (ECF No. 26, p. 4.) However, Plaintiff has presented only speculative and
24   conclusory allegations that he was prevented from submitting a timely response due to prison
25   officials intentionally delaying in responding to his requests.

26   Plaintiff submitted his request for supporting documents on January 13, 2019 and
27   apparently received all of his necessary documents on February 5, 2019, twenty-three days later.
28   (ECF No. 30, p. 2.) Plaintiff was therefore capable of requesting and obtaining the necessary

7

documents within a thirty-day deadline. On the other hand, Plaintiff provides no support for his contention that any prison official intentionally delayed in responding to his requests such that his appeal would be submitted beyond the deadline. Plaintiff also does not explain his failure to try to obtain the documents prior to January 13, 2019 or his failure to submit a timely appeal with an explanation regarding his inability to obtain the documents for inclusion. Although the Court is obligated to construe *pro se* pleadings liberally, the Court need not credit "naked assertions" or "labels and conclusions." See Twombly, 550 U.S. at 555–57.

Furthermore, to the extent Plaintiff is also arguing that he was prevented from timely submitting his grievance because he was deprived of his property after he was transferred to Administrative Segregation, the Court notes that based on documentation attached to Plaintiff's opposition, Plaintiff was placed in Administrative Segregation as a result of his own actions, not as a result of wrongful conduct by prison officials. (ECF No. 26, p. 3). Specifically, Plaintiff was transferred to Administrative Segregation after being assessed a Rules Violation Report for Battery on a Prisoner with a weapon on January 2, 2019. (Id.) Plaintiff has not raised any objection to the contents of this document.

Although Plaintiff was not required to allege all facts relevant to his exhaustion attempts on the face of his complaint, Plaintiff may also not rely on pure speculation to demonstrate that his administrative remedies were unavailable. Plaintiff has also failed to explain why he did not attempt to submit his corrected grievance at an earlier date, between December 21, 2018 and January 2, 2019, prior to his transfer to Administrative Segregation. Based on the facts presented, the Court finds that administrative remedies were available, and that Plaintiff nevertheless failed to exhaust with respect to the claims in this action. Therefore, the Court recommends that Defendants' Rule 12(b)(6) motion to dismiss for failure to exhaust be granted.

### IV.  Conclusion and Recommendation

For the reasons set forth above, the Court HEREBY RECOMMENDS that Defendants' motion to dismiss, (ECF No. 25), be GRANTED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within

**fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 5, 2021**                    /s/ Barbara A. McAuliffe            _
                                              UNITED STATES MAGISTRATE JUDGE